THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL GAGE<br>2008 Savannah Place SE<br>Washington, DC 20020,<br><br>   Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>One Judiciary Square<br>441 Fourth Street NW<br>Washington, DC 20001,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Michael Gage, on behalf of his minor child T.G. and through undersigned counsel, for his complaint herein alleges as follows:

**INTRODUCTION**

1. This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). Mr. Gage seeks a judgment: 1) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied T.G. a free appropriate public education; 2) ordering DCPS to place and fund T.G. at Rock Creek Academy, with transportation, retroactive to the date of his enrollment; 3) ordering DCPS to fund independent evaluations of T.G.; and 4) ordering DCPS to convene a multidisciplinary team ("MDT") meeting to review those evaluations, to revise T.G.'s current IEP, and to develop an appropriate compensatory education plan

1

to compensate T.G. for DCPS' failure to provide him with a free appropriate public education.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Mr. Gage's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. §1391(b)(1) and (2).

3. On May 9, 2008, the Petitioner filed an administrative "due process complaint" containing the claims made in this Complaint with the District of Columbia Office of the State Superintendent of Education, State Enforcement and Investigation Division. In an order dated June 6, 2008, the Hearing Officer denied Mr. Gage's requested relief and dismissed his administrative complaint.

## PARTIES

4. Michael Gage is the father of T.G., a fifteen-year-old boy.

5. T.G. is a resident of the District of Columbia who is eligible for specialized instruction and related services as a qualified child with a disability.

6. The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for providing special education and related services.

7. The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

8. T.G. moved into the District of Columbia from Montgomery County, Maryland in late February, 2008.

9. Prior to moving into the District of Columbia, T.G. most recently attended Gaithersburg High School, in Maryland, where he had been determined eligible for specialized instruction and related services as a qualified child with a disability.

10. T.G.'s most recent evaluations are a psychological report dated November 10, 2000, an educational assessment dated November 13, 2000, an occupational therapy evaluation dated April 2, 2001, and a speech and language evaluation dated April 12, 2002.

11. T.G.'s most recent IEP, developed in Maryland, prescribes specialized instruction for all of T.G.'s academic subjects and 45 minutes of speech and language therapy, three times monthly.

12. On March 6, 2008, Mr. Gage visited his neighborhood DCPS high school, Ballou Senior High School ("Ballou"), informed the Ballou staff that he and T.G. had recently moved into the jurisdiction and that T.G. required special education, and requested that DCPS determine an appropriate placement for T.G.

13. On March 11, 2008, Plaintiff's counsel wrote to DCPS and requested that DCPS convene an MDT meeting to determine an appropriate placement for T.G..

14. Before April 1, 2008, Gaithersburg High School delivered a copy of T.G.'s school records, including his IEP, to Ballou.

15. On April 1, 2008, Plaintiff's counsel again wrote to DCPS, and again requested that DCPS convene an MDT meeting to determine an appropriate placement for T.G..

16. On May 9, 2008, Plaintiff's counsel again wrote to DCPS, and again requested that DCPS convene an MDT meeting to determine an appropriate placement for T.G..

17. DCPS has never convened an MDT meeting to determine an appropriate placement for T.G.

18. DCPS has never suggested to the Petitioner that T.G. should attend any school at all.

19. DCPS has never ordered any new or additional evaluations of T.G..

20. DCPS has never provided any specialized instruction or related services to T.G..

21. On May 8, 2008, Plaintiff's counsel wrote to DCPS to inform DCPS that Mr. Gage intended to place T.G. at Rock Creek Academy, a private special education school in the District of Columbia.

22. Mr. Gage enrolled T.G. at Rock Creek Academy on Monday, May 12, 2008.

23. Mr. Gage filed an administrative "due process complaint" regarding these issues on May 9, 2008.

24. The assigned impartial Hearing Officer convened a pre-hearing conference on May 23, 2008, and issued a pre-hearing order on May 27, 2008.

25. In the May 27, 2008 pre-hearing order, the Hearing Officer identified the issue in the case as follows: "[d]uring the [pre-hearing conference] it was determined that no issue of fact was then presented. That the remaining issue was a legal one: When does the obligation of DCPS to make FAPE available arise?"

26. In the May 27, 2008, pre-hearing order, the Hearing Officer ordered, inter alia, that the due process hearing would be cancelled, and that "the parties will each file a brief by the close of business May 30, 2008 and, if any party wishes, a reply brief by the close of business June 4, 2008."

27. Mr. Gage filed a brief on May 30, 2008.

28. DCPS did not file any brief and did not reply to Mr. Gage's brief.

29. In a June 6, 2008 written determination, the Hearing Officer denied Mr. Gage's requested relief and dismissed his administrative complaint, finding, inter alia, that "DCPS is not

obligated to make FAPE available to the student until he has enrolled at a DCPS school and has actually begun to attend."

## COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

30. The allegations of paragraphs 1-29 above are incorporated herein as if repeated verbatim.

31. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

32. DCPS' failures to implement or revise T.G.'s IEP, to order re-evaluations of T.G., and to provide T.G. with an appropriate special education placement have denied and continue to deny T.G. his right to FAPE under the IDEA.

33. As a result of this denial, T.G. has experienced and continues to experience harm to his educational development.

## COUNT II: FAILURE TO PROVIDE AN APPROPRIATE PLACEMENT

34. The allegations of paragraphs 1-33 above are incorporated herein as if repeated verbatim.

35. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction with an appropriate special education placement.

36. DCPS has failed to provide T.G. with an appropriate special education placement.

37. As a result of this failure, T.G. has experienced and continues to experience harm to his educational development.

## COUNT III: FAILURE TIMELY TO ORDER RE-EVALUATIONS OF A QUALIFIED CHILD WITH A DISABILITY

38. The allegations of paragraphs 1-37 above are incorporated herein as if repeated verbatim.

39. The IDEA requires DCPS timely to conduct evaluations and re-evaluations of all children with disabilities in its jurisdiction in all areas of suspected disability.

40. DCPS has not conducted timely re-evaluations of T.G..

41. As a result of this failure, T.G. has experienced and continues to experience harm to his educational development.

**COUNT IV: FAILURE TIMELY TO IMPLEMENT OR REVISE A QUALIFIED CHILD'S IEP**

42. The allegations of paragraphs 1-41 above are incorporated herein as if repeated verbatim.

43. The IDEA requires DCPS to provide children who transfer into its jurisdiction with instruction and services comparable to those received under the child's previous jurisdiction's IEP, or to develop, adopt, and implement a new IEP, if appropriate.

44. DCPS has not implemented T.G.'s IEP or developed a new IEP for T.G.

45. As a result of this failure, T.G. has experienced and continues to experience harm to his educational development.

WHEREFORE, Mr. Gage respectfully requests that this Court:

1) declare that DCPS denied FAPE to T.G. by failing timely to perform re-evaluations of T.G. in all areas of suspected disability, failing timely to implement or revise T.G.'s IEP, and failing to provide an appropriate placement for T.G.;

2) order DCPS to fund and place T.G. at Rock Creek Academy, retroactive to the date of enrollment;

3) order DCPS to fund independent comprehensive psychological, speech and language, and OT evaluations of T.G., each at market rate;

4) order DCPS to convene an MDT meeting within 15 days of receiving the results of the independent evaluations, and at that meeting to review all current evaluations, to review and revise T.G.'s IEP as appropriate, and to discuss and determine

appropriate compensatory education to compensate T.G. for DCPS' denials of FAPE identified above;

5) order DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case; and

6) order any other relief that the Court deems appropriate.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

7

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michael Gage

1001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tyrka & Associates, LLC
1726 Connecticut Ave NW Suite 400
Washington, DC 20009

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01159
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/1/2008
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ● D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. § 1400 et seq., IDEA case for injunctive and declaratory relief

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 6/27/08 7/1/08    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.