UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL GAGE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-1159 (EGS) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

The Defendant, by counsel, here answers the numbered paragraphs in Plaintiff's Complaint as follows:

1. The first paragraph is the Plaintiff's introduction and request for relief and does not require a response.

2. The allegations in paragraph 2 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same allegations are denied, except that the Defendant admits that this Court has jurisdiction to review plaintiff's due process hearing decision pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq*.

3. The Defendant admits the allegations in paragraph 3 of the Complaint.

4. The Defendant admits the allegations in paragraph 4 of the Complaint.

5. The Defendant admits that T.G. moved into the District of Columbia in late February, 2008 and that the Montgomery County, Maryland Public School System had identified T.G. as a child eligible for special education services. The

District lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

    6.    The Defendant admits the allegations in paragraph 6 of the Complaint.

    7.    The Defendant admits the allegations in paragraph 7 of the Complaint.

    8.    The Defendant admits the allegations in paragraph 8 of the Complaint.

    9.    The Defendant admits the allegations in paragraph 9 of the Complaint.

    10.    The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in paragraph 10 and avers that, based on the information provided by the plaintiff and/or the Montgomery County, Maryland Public School System, T.G.'s most recent evaluations were conducted in years 2000-2002.

    11.    The Defendant admits the allegations in paragraph 11 of the Complaint.

    12.    The Defendant admits the allegations in paragraph 12 of the Complaint.

    13.    The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint.

    14.    The Defendant admits the allegations in paragraph 14 of the Complaint.

    15.    The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

    16.    The Defendant lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

    17–27.  The Defendant admits the allegations in paragraphs 17 through 27 of the Complaint.

28. The Defendant admits that it did not file a brief addressing the legal issue identified in the pre-hearing order, but avers that it filed a response to the Plaintiff's administrative due process complaint notice on April 29, 2008. The Defendant denies the remainder of the allegations contained in paragraph 28 of the Complaint.

29. The Defendant admits the allegations in paragraph 29 of the Complaint.

30. The Defendant incorporates, as though restated, each of the answers stated in paragraphs 1 through 29 above.

31–33. The allegations in paragraphs 31 through 33 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

34. The Defendant incorporates, as though restated, each of the answers stated in paragraphs 1 through 33 above.

35-37. The allegations in paragraphs 35 through 37 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

38. The Defendant incorporates, as though restated, each of the answers stated in paragraphs 1 through 37 above.

39-41. The allegations in paragraphs 39 through 41 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

42. The Defendant incorporates, as though restated, each of the answers stated in paragraphs 1 through 41 above.

43-45.  The allegations in paragraphs 43 through 45 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, the Defendant denies all allegations of wrongdoing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies.

> Respectfully submitted,
>
> PETER J. NICKLES
> Acting Attorney General for the
> District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> */s/ Edward P. Taptich*_____
> EDWARD P. TAPTICH [012914]
> Chief, Equity Section II
>
> */s/ Veronica A. Porter*_____
> VERONICA A. PORTER [412273]
> Assistant Attorney General
> Civil Litigation Division
> Equity Section II
> 441 Fourth Street, N.W.
> Sixth Floor North
> Washington, D.C. 20001

4

        (202) 724-6651 (telephone)
        (202) 727-3625 (facsimile)
        Veronica2.porter@dc.gov

        */s/ Richard A. Latterell*_____
        RICHARD A. LATTERELL [502127]
        Assistant Attorney General
        Civil Litigation Division
        Equity Section II
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6626 (telephone)
        (202) 715-7820 (facsimile)
        Richard.latterell@dc.gov

July 23, 2008