THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GAGE,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>　　　　Defendant. | Civil Action No. 08-1159 (EGS) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

**I.　INTRODUCTION**

Mr. Gage filed a Motion for Preliminary Injunction on July 3, 2008. On July 18, 2008 the Defendant filed a document entitled "Defendant's (1) Opposition to Plaintiff's Motion for a Preliminary Injunction and (2) Motion to Dismiss." To the degree that that document constituted a motion to dismiss, the Defendant did not makes its legal or factual grounds at all clear. The argument for dismissal appears to consist entirely of the arguments made on pages 6-10 of the Defendant's filing, under the caption "Prong 1: Plaintiff will not succeed on the merits of his claims and his complaint should be dismissed because he is seeking relief that is outside the scope of the HOD and that, if granted, would circumvent the statutory and administrative framework of IDEIA." Def.'s Opp'n at 6 (emphasis in original).

In that section of its filing, the Defendant devotes itself to the contention that the issues presented are "outside the scope of the HOD." Id. The Defendant has declined to present any argument that the Plaintiff's interpretation of the relevant law is incorrect. That is, the Defendant has offered no law or argument that DCPS did not owe T.G. FAPE from the time he moved into the jurisdiction.

1

The Defendant has likewise declined to contest the relevant facts as presented in the Plaintiff's Motion, as had already been found by the Hearing Officer. Accordingly, there appears to be no dispute that DCPS owed T.G. FAPE beginning in late February or early March 2008, that Mr. Gage repeatedly requested that FAPE, that DCPS did nothing to provide that FAPE, and that DCPS declined to suggest any possible school for T.G. to attend, appropriate or not.

Mr. Gage makes no arguments in this Opposition that he has not already made in his Motion for Preliminary Injunction ("Pl.'s Mot.") and his Reply regarding that Motion.

II. **MR. GAGE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES, AND THIS COURT HAS JURISDICTION OVER HIS COMPLAINT**

The Defendant contends that Mr. Gage is seeking relief "outside the scope of the HOD and that, if granted, would circumvent the statutory and administrative framework of IDEIA." Def.'s Opp'n at 6. The Defendant misrepresents the nature of the exhaustion requirement and the IDEA's provision for challenging HODs.

The IDEA grants "[a]ny party aggrieved by [an HOD]...the right to bring a civil action with respect to the [administrative] complaint[.]" 20 U.S.C. § 1415(i)(2)(A). Jurisdiction in this court therefore depends upon only two things: 1) that the Plaintiff be aggrieved; and 2) that the court complaint be "with respect to" the administrative complaint. See id.

Mr. Gage has plainly been aggrieved. "A party is considered 'aggrieved' under [the IDEA]...where relief requested in satisfaction of the Act is denied." Diatta v. District of Columbia, 319 F. Supp. 2d 57, 63 (D.D.C. 2004); see also D.A. v. Pleasantville Sch. Dist., 2008 U.S. Dist. LEXIS 49941 *10 (D.N.J. June 30, 2008) (citation omitted) ("Once a decision has been rendered at a due process hearing, administrative remedies are deemed exhausted, and a party has the right to appeal the due process hearing decision by bringing a civil action in any state or federal court").

At the administrative level, Mr. Gage requested, under the IDEA, placement and funding at Rock Creek Academy, retroactive to the date of enrollment, among other things. The Hearing Officer denied that relief, so Mr. Gage is aggrieved.

Regarding the second element of jurisdiction, the Complaint in this case is plainly "with respect to" the administrative complaint. The Complaint contains the same allegations and the same claims, and requests the same relief; the Complaint before this Court and the administrative complaint could hardly be more similar. Compare Compl., with Pl.'s Mot. Exhibit 1 at 5-7.[1]

The Defendant's repeated assertion that T.G.'s placement is "outside the scope of the HOD" is both incorrect and irrelevant. It is incorrect because the Hearing Officer explicitly acknowledged Mr. Gage's request for placement at Rock Creek Academy in both the May 27, 2008 pre-hearing conference order and the June 6, 2008 HOD. See Pl.'s Mot. Exhibits 4, 6. ("Counsel for the Parent complained of failure on the part of DCPS to provide special education services to the student and, for relief, requested a private placement at Rock Creek Academy"). It is irrelevant because jurisdiction depends only upon the request for relief and the denial of that relief, and not on any particular statement in the HOD. See 20 U.S.C. § 1415(i)(2)(A); Diatta, 319 F. Supp. 2d at 63.

The Hearing Officer's failure to make a determination on the issues presented in Mr. Gage's administrative complaint cannot serve to strip this court of jurisdiction over those issues. See, e.g., Hawkins, 539 F. Supp. 2d at 112-113 (overturning Hearing Officer's decision where the "HOD failed to make a determination on the issue raised in [the Plaintiff's] due process complaint"); Petway ex rel. J.P. v. District of Columbia, 2005 WL 3276349 at *6, 2005 U.S. Dist. LEXIS 36226 at *22-23 (Aug. 10, 2005) (stating the Court may reach its own conclusions

---

[1] The Plaintiff's administrative complaint requests as relief, inter alia, an order placing T.G. at Rock Creek Academy. Compare Pl.'s Mot. Exhibit 1 at 6, "Proposed resolution" ¶ 2.a, with Compl. at 6.

where the ''HOD contains no discussion or conclusions of law relating to... issues'' raised in the administrative complaint).

The clear standards for exhaustion aside, it is simply incongruous for the Defendant to seek to rely upon the Hearing Officer's specific resolution of an issue when it has repeatedly declined to address that issue itself. The Plaintiff filed an administrative due process complaint seeking placement for T.G. at Rock Creek Academy. When the Hearing Officer asked the parties to submit briefs on the issue, Mr. Gage submitted a brief explaining both the need for DCPS to provide T.G. FAPE and the appropriateness of Rock Creek Academy. Pl.'s Mot. Exhibit 5. DCPS did not submit a brief on any issue, did not reply to Mr. Gage's brief, and did not in any way respond to Mr. Gage's repeated allegations and evidentiary submissions showing that Rock Creek Academy was an appropriate placement. The Defendant now seeks to hide behind the Hearing Officer's failure to address an issue that DCPS repeatedly declined to contest.

Mr. Gage brought an IDEA administrative complaint requesting "relief...in satisfaction of the Act," including placement and funding at Rock Creek Academy retroactive to the date of enrollment. Diatta, 319 F. Supp. 2d at 63. That relief was denied. Mr. Gage is therefore aggrieved, and therefore has "the right to bring a civil action with respect to the complaint[.]" 20 U.S.C. § 1415(i)(2)(A).

## CONCLUSION

For these reasons, the Court should deny the Defendant's Motion to Dismiss.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009

4

(ph) (202) 265-4260  
(f) (202) 265-4264  
tyrka@tyrkalaw.com

5

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL GAGE,** | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1159 (EGS) |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On consideration of the Defendant's motion to dismiss and the Plaintiff's opposition thereto, the Defendant's motion is hereby DENIED.

_____
Emmet G. Sullivan
United States District Judge