THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL GAGE,<br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>    Defendant. | Civil Action No. 08-1159 (EGS) |

**PLAINTIFF'S MOTION FOR A RULING ON THE PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

  Plaintiff Michael Gage respectfully moves for a ruling on his Motion for Preliminary Injunction filed on July 3, 2008. In support, Mr. Gage submits the attached Memorandum.

  For the reasons stated therein, Mr. Gage respectfully requests that this Court issue an order resolving his Motion for Preliminary Injunction on the merits, following further oral argument if necessary.

                Respectfully submitted,

                /s/_____
                Douglas Tyrka, #467500
                Tyrka & Associates, LLC
                1726 Connecticut Ave. NW, Suite 400
                Washington, DC 20009
                (ph) (202) 265-4260
                (f) (202) 265-4264
                tyrka@tyrkalaw.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MICHAEL GAGE, ) | |
|       Plaintiff, ) | |
| ) | Civil Action No. 08-1159 (EGS) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
|       Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A RULING ON THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

In its August 7, 2008 Order, the Court stated that the Plaintiff's Motion is denied as moot. Because some of the relief requested in the Motion remains available, the Motion is not moot. See, e.g., Church of Scientology v. United States, 506 U.S. 9, 13 (1992) ("The availability of this possible remedy is sufficient to prevent this case from being moot.").

The Court appears to have determined the Motion to be moot because the parties have consented to an order. In fact, the Plaintiff has not consented to a remand order under the terms in the August 7, 2008 order.[1]

At the August 7, 2008 hearing before the Court, the Court suggested the possibility of remanding to the Hearing Officer, and asked the parties for their positions on that possibility. The Plaintiff stated, among other things, that the Plaintiff would be satisfied with that outcome only if the hearing on remand were to be held on an expedited basis, because it was likely that the evaluation and meeting process could not be completed before the new school year, and it was further possible that DCPS would not meet its timelines.[2]

---

[1] Though the point is largely academic, were the parties to consent to an order, that order would not serve to moot the Motion, but would constitute a resolution of the Motion. See, e.g., Frew v. Hawkins, 540 U.S. 431, 437 (2004) ("[A] federal consent decree must spring from, and serve to resolve, a dispute within the court's subject-matter jurisdiction.")(citation omitted).

[2] Judging by long history, it is actually very likely that DCPS will fail to meet its timelines. As of the most recent Blackman/Jones reports, DCPS' percentage rate of timely compliance with HODs remains in the low 20s, despite

After reviewing the parties' proposed versions of a remand order via email, the Court issued its Order on August 7, 2008.[3] The Order states that the parties have consented to remand, that the Plaintiff's Motion is moot, and that the case is removed from the Court's active calendar. The Order does not state that the hearing on remand shall be expedited. The Order further states that T.G. shall attend his home school during the evaluation and meeting process, and that DCPS must provide T.G. "appropriate educational services consistent with his needs."[4]

As the Plaintiff stated at the hearing, the Plaintiff does not consent to any remand that does not include a provision for the administrative hearing on remand to occur before the start of the new school year. The Plaintiff made his Motion for Preliminary Injunction specifically to secure an appropriate placement for T.G. before the start of the new school year.[5]

Additionally, the Plaintiff does not consent to T.G. attending his "home school," Ballou Senior High School. That possibility was not discussed at the hearing. DCPS never suggested that possibility at any point during the administrative hearing process. The Defendant never suggested that possibility in any filing with this Court.

Had DCPS or the Defendant ever proposed that possibility, the Plaintiff would have opposed it, making a case if necessary. The parties have agreed that Ballou is not appropriate for T.G., as the Special Education Coordinator of Ballou told Mr. Gage when he first went there on

---

over a decade of litigation in those class actions, including several promises of improvement from DCPS and multiple court orders. In the experience of Plaintiff's counsel, DCPS' rate of compliance with federal court orders is equally bad.

[3] The Defendant apparently sent an email to the Court, but Plaintiff's counsel has not received a copy. The Plaintiff had already seen a copy of a proposed order from the Defendant, but if the email to the Court contained anything else, the Plaintiff is unaware of it.

[4] The Order does not indicate who determines what services are appropriate, and how. As addressed herein, the staff at the home school has already stated that it cannot meet T.G.'s needs as identified by Maryland, and the parties agree that the home school is not an appropriate placement for T.G..

[5] At the August 7, 2008 hearing, the Defendant suggested, without any substantiation, that the Plaintiff is in fact at fault for DCPS' failure to evaluate T.G.. Neither DCPS nor the Defendant has ever attempted to evaluate T.G. since he entered this jurisidiction. Neither DCPS nor the Defendant has ever authorized, unconditionally, the Plaintiff to obtain his own evaluations.

March 6, 2008. The August 7, 2008 Order therefore orders DCPS to do the impossible, to provide T.G. with appropriate services at the home school.

The Plaintiff does not consent to T.G. attending an inappropriate school for any length of time. Even if DCPS were to comply with this Court's Order, T.G. would unnecessarily go through the disruption of switching to a new school, being warehoused there, and then switching to his final school a few weeks later.[6]

The Plaintiff's Motion is not moot, so the Court should decide it on the merits. The Plaintiff respectfully requests that the Court additionally make clear that the Plaintiff has not consented to a remand under the terms of the August 7, 2008 order.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

---

[6] As stated in the Plaintiff's email to the Court, the Plaintiff does not oppose a non-expedited remand if T.G. remains in Rock Creek Academy for the interim, during the evaluation and meeting process. T.G. would thereby not make an unnecessary temporary move to a new school, and DCPS would have a proper incentive to complete the process. The Defendant has not disputed that Rock Creek Academy can provide T.G. with appropriate services, as attested to in the verified statement attached to the Plaintiff's Motion. Over the last several years, DCPS has voluntarily placed hundreds of students in Rock Creek Academy.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL GAGE,** )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>**DISTRICT OF COLUMBIA,** )<br>    Defendant. )<br> ) | **Civil Action No. 08-1159 (EGS)** |

### ORDER

On consideration of the Plaintiff's motion for a preliminary injunction and any opposition thereto, it is, this _____ day of _____, 2008 hereby

**DECLARED** that DCPS denied FAPE to T.G. by failing timely to perform re-evaluations of T.G. in all areas of suspected disability, failing timely to implement or revise T.G.'s IEP, and failing to provide an appropriate placement for T.G.; and it is

**ORDERED** that DCPS shall fund and place T.G. at Rock Creek Academy, retroactive to the date of his enrollment; and it is further

**ORDERED** that DCPS shall fund independent comprehensive psychological, speech and language, and OT evaluations of T.G., each at market rate; and it is further

**ORDERED** that DCPS shall convene an MDT meeting within 15 days of receiving the results of the independent evaluations, and at that meeting shall review all of T.G.'s current evaluations, review and revise his IEP as appropriate, and discuss and determine appropriate compensatory education to compensate T.G. for DCPS' denials of FAPE identified above.

_____
Emmet G. Sullivan
United States District Judge