UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GAGE, : | |
| : | |
| PLAINTIFF, : | |
| : | Civ. Action No. 08-1159 (EGS) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| DEFENDANT. : | |

**RESPONSE TO PLAINTIFF'S MOTION FOR A RULING
ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**BACKGROUND**

On July 3, 2008, Plaintiff filed a Motion for Preliminary Injunction, seeking an order that Defendant place and fund T.G. at Rock Creek Academy, fund independent psychological, speech and language, and occupational evaluations, convene a multidisciplinary team ("MDT") meeting to review those evaluations, update T.G.'s individualized educational plan ("IEP") if appropriate, and develop a compensatory education plan. Defendant filed an opposition on July 18, 2008. Plaintiff filed a reply on July 21, 2008, and Defendant filed a response on August 4, 2008.

At a hearing on August 6, 2008, the Court stated that the June 6, 2008 Hearing Officer's Determination was in error, but believed placement at Rock Creek Academy was premature because the placement issue had not been considered at the administrative level. The Court ordered the parties to submit a proposed order, jointly or separately, to resolve the case.

1

The parties were unable to reach an agreement on the wording of the order, and submitted separate proposed orders on August 6, 2008.

On August 7, 2008, this Court issued an Order, which appears to be a combination of the orders submitted by the parties. Pursuant to the Order, Defendant must fund independent psychological, speech and language, and occupational therapy evaluations, convene an MDT meeting to review the evaluations, develop an IEP if appropriate and determine placement, discuss and determine whether compensatory education is warranted, issue a placement notice, and assure that T.G. is placed in his home school pending conclusion of the aforementioned process. Plaintiff must obtain the evaluations expeditiously and submit them to DCPS. In addition, the Court vacated the June 6, 2008 HOD, remanded the matter for further proceedings, if necessary, and denied Plaintiff's motion for preliminary injunction as moot.

On August 7, 2008, Plaintiff filed a "Motion for a Ruling on the Plaintiff's Motion for Preliminary Injunction" ("Motion for a Ruling") seeking an order resolving the Motion for Preliminary Injunction ("Motion") on the merits. Plaintiff argues that his motion for preliminary injunction is not moot, and that he did not consent to the Judge's August 6, 2008 Order.

## ARGUMENT

### I. Plaintiff's Motion for Preliminary Injunction is Moot.

Plaintiff opines that the Court determined his Motion to be moot, because the parties consented to the August 7, 2008 Order. Since Plaintiff did not consent to the Court's Order, Plaintiff argues, his Motion is not moot. Plaintiff also states, without

elaboration, that his Motion is not moot because "some of the relief requested is still available." Motion for a Ruling, p. 2.

In his Motion, Plaintiff seeks an educational placement for T.G., funding for various independent evaluations, an MDT meeting, a revised IEP, and appropriate compensatory education. Motion, pp. 16-17. This Court's August 6, 2008 Order addresses all of those issues. Furthermore, the underlying basis for Plaintiff's Motion is a June 6, 2008, Hearing Officer's Determination ("HOD") that Plaintiff believed was wrongly decided. Once this Court ruled that the Hearing Officer erred as a matter of law, vacated the HOD and remanded the case for further proceedings, there were no further issues to be determined by the Court. Since there were no further issues to be determined by the Court, Plaintiff's Motion is moot.

## II. **This Court's August 6, 2008 Order is within the Court's Authority.**

Plaintiff argues that the Court's August 6, 2008 Order is improper because Plaintiff did not "consent" to the terms of the remand order.

The Court has inherent authority to issue any order it chooses provided the order is not an illegal order. The Court does not need the consent of a party to issue an order. Nevertheless, the Court may choose to remove "with the consent of the parties" from the Order.

Plaintiff is not asserting that the Court's August 6, 2008 Order is illegal. Accordingly, the Court's August 6, 2008 Order must stand.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a Ruling must be denied.

        Respectfully submitted,

        PETER J. NICKLES
        Acting Attorney General for the
          District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C.  20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**August 12, 2008**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL GAGE,** : | |
| : | |
| **PLAINTIFF,** : | |
| : | Civ. Action No. 08-1159 (EGS) |
| vi. : | |
| : | |
| **DISTRICT OF COLUMBIA,** : | |
| : | |
| **DEFENDANT.** : | |

**ORDER**

Upon consideration of Plaintiff's Motion for a Ruling on the Plaintiff's Motion for Preliminary Injunction, any response thereto, and the record of this proceeding, it is this _____ day of August, 2008,

**ORDERED** that Plaintiff's Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE

5