THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL GAGE,**<br>      Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br>      Defendant. | )<br>)<br>)<br>)   Civil Action No. 08-1159 (EGS)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN REPLY REGARDING THE PLAINTIFF'S MOTION FOR A RULING ON THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

In its Response, the Defendant expressed a need for "elaboration" regarding the Plaintiff's observation that "some of the relief requested in the Motion [for Preliminary Injunction] remains available." In the Motion for Preliminary Injunction ("PI Motion"), the Plaintiff requested as relief:

> [A] preliminary injunction ordering the Defendant: 1) to take all steps necessary to place and fund T.G. at Rock Creek Academy, with transportation, retroactive to May 14, 2008; 2) to fund independent comprehensive psychological, speech and language, and OT evaluations of T.G., each at market rate; and  3) to convene a multidisciplinary team ("MDT") meeting within fifteen days of receiving the results of those evaluations, and at that meeting to review the evaluations, to revise and update T.G.'s IEP as appropriate, and to develop an appropriate compensatory education plan to compensate T.G. for the denials identified herein.

PI Motion at 2, 16-17. Of that requested relief, placement at Rock Creek Academy, interim or otherwise, is still available.

Contrary to the Defendant's unsupported legal analysis, the mootness question is not whether there are "further issues to be determined," but whether any possible remedy remains available. See, e.g., Church of Scientology v. United States, 506 U.S. 9, 13 (1992) ("The availability of this possible remedy is sufficient to prevent this case from being moot"). The ultimate question is whether the plaintiff still has something to gain in the case such that there

still exists a case or controversy. See Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 169 (2000) (reviewing Supreme Court statements defining mootness as "standing set in a time frame").

Moreover, as the Plaintiff has pointed out, even if the August 6, 2008 Order, or any other order, were to make further relief impossible, that order would not make the PI Motion moot, and therefore outside of the Court's jurisdiction. Instead, it would itself constitute a resolution of the Motion. See, e.g., Frew v. Hawkins, 540 U.S. 431, 437 (2004) ("[A] federal consent decree must spring from, and serve to resolve, a dispute within the court's subject-matter jurisdiction") (citation omitted).

The Plaintiff did not, as the Defendant claims, "argue[] that the August 6, 2008 Order is improper because Plaintiff did not 'consent' to the terms of the remand order." The Plaintiff did not use the term "improper," and he is not sure what that term would mean in that context. The Plaintiff contends that the Court's holding that the PI Motion is moot is incorrect, and that the Court's statement that the Plaintiff consented to a remand – at least one under the terms of the August 6, 2008 Order – is incorrect.

The Plaintiff did three things in his Motion for a Ruling: 1) argued against the Court's holding that the PI Motion was moot; 2) requested a ruling on the PI Motion on the merits, rather than a finding that the Motion was moot; and 3) declared that he had not consented to the terms of the August 6, 2008 Order, noting that there is no disagreement that Ballou is inappropriate for T.G..

The Plaintiff contends that the Court should issue a ruling on his PI Motion on the merits. Additionally, to the degree that the August 6, 2008 Order was based upon the Court's understanding that the Plaintiff consented to its terms, now that the Plaintiff has corrected that

2

understanding the Plaintiff hopes that the Court will reconsider all of those terms on their merits, and in consideration of the uncontested need for a placement other than Ballou.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com