UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL GAGE,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>           Defendant. | Civil Action No. 08-1159 (EGS) |

**ORDER**

This is an IDEA case brought by plaintiff, a father, on behalf of his minor child, against the District of Columbia. Gage seeks declaratory and injunctive relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq, ("IDEA"). This civil action was filed following a hearing officer's determination ("HOD") that T.G., a 15 year old resident of the District of Columbia, was not entitled to a free appropriate public education ("FAPE"), because he was not enrolled in the District of Columbia Public Schools ("DCPS"). On July 3, 2008, plaintiff filed a motion for preliminary injunction requesting the Court to order DCPS 1) to place and fund T.G. at Rock Creek Academy, with transportation, retroactive to May 14, 2008; 2) to fund independent comprehensive psychological, speech and language, and OT evaluations of T.G. at market rate; and 3) to convene a multi-disciplinary team ("MDT") meeting within 15 days to receive the results of those evaluations, review the evaluations, revise and update T.G.'s IEP as appropriate, and to

develop an appropriate compensatory education plan to compensate T.G. for the denials identified in the complaint.

A hearing on plaintiff's motion was held on August 6, 2008, at which time the parties agreed that the hearing officer erred as a matter of law in concluding that DCPS did not owe T.G. a free appropriate public education. The parties also agreed that the hearing officer's decision should be vacated and that the case should be remanded for further proceedings. At that point, the Court no longer had jurisdiction to entertain plaintiff's request for injunctive relief as there was nothing for the court to enjoin.

The Court invited the parties to submit either joint or separate proposed orders to address future proceedings on remand. After considering the parties' proposed orders, the Court issued an order that vacated the HOD from which plaintiff appealed and remanded the case for further proceedings. Further, DCPS was ordered to fund independent evaluations of T.G. and convene a MDT meeting within 15 days of receiving the results of the evaluation. The Court did not order DCPS to place and fund T.G. at Rock Creek Academy, because the placement of the minor is within the province of DCPS in the first instance, and the Court had already resolved the only basis for its limited jurisdiction in this case, the appeal of the erroneous HOD.

Thereafter, plaintiff filed a motion for a ruling on his Motion for Preliminary Injunction, notwithstanding the remand of

this case to the administrative agency.  Upon consideration of that motion, the response and reply thereto, as well as the applicable law, plaintiff's motion is **DENIED**.  Nonetheless, upon consideration of arguments raised by plaintiff in his Motion for a Ruling, the Court's August 6, 2008 order is **VACATED** and replaced in its entirety by the present order.   Accordingly, it is hereby

   **ORDERED** that the June 6, 2008 Hearing Officer's Determination is vacated in view of the agreement of counsel for all parties that the decision was erroneous as a matter of law; this case is therefore remanded for further proceedings, if necessary.  The Hearing Officer erred as a matter of law in concluding that the Defendant did not owe T.G. a free appropriate public education ("FAPE").  *See* 34 C.F.R. § 300.101(a) ("A free appropriate public education must be available to all children residing in the state between the ages of 3 and 21. . . ."); and it is

   **FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction is denied as moot; and it is

   **FURTHER ORDERED** that, *on an expedited basis*, DCPS shall fund independent psychological, speech and language, and occupational therapy evaluations; and it is

   **FURTHER ORDERED** that, *on an expedited basis*, the Plaintiff shall diligently endeavor to obtain the independent evaluations of T.G. ; and it is

**FURTHER ORDERED** that Plaintiff shall fax the independent evaluations to Karen McMahon, SERT, Senior Policy Associate, DCPS, at 202-671-4925, immediately upon completion; and it is

**FURTHER ORDERED** that, *on an expedited basis*, after receipt of all of the independent evaluations, DCPS shall convene an MDT meeting to review the evaluations, develop an IEP, if appropriate, determine placement, and discuss and determine whether compensatory education is warranted for T.G., and if so, shall develop an appropriate compensatory education plan. DCPS shall schedule the IEP meeting through the Plaintiff's counsel; and it is

**FURTHER ORDERED** that, *on an expedited basis*, DCPS shall issue a placement notice after the MDT meeting; and it is

**FURTHER ORDERED** that although the Court recognizes that T.G.'s evaluation and placement may not be accomplished by the commencement of the school year on August 25, 2008, all parties are directed to assess and meet T.G.'s educational needs *on an expedited basis*; and it is

**FURTHER ORDERED** that DCPS provide T.G. with whatever educational services he is entitled to as a matter of law pending a final decision on T.G.'s evaluation and placement. Plaintiff is directed to cooperate with, and to provide, DCPS with any necessary documentation required to perfect T.G.'s registration, if necessary (e.g., evidence of current inoculations, etc.); and it is

**FURTHER ORDERED** that this case is removed from the active calendar of the court.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**August 12, 2008**